UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| NIESHA SWANSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:26-cv-04036-SLD-RLH |
| | ) |
| TYSON FOODS, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER

Self-represented Plaintiff Niesha Swansey brings suit against Defendant Tyson Foods, Inc., alleging that Tyson Foods, Inc. discriminated against her on the basis of disability and use of leave and retaliated against her. Compl. 2–4, ECF No. 1. The matter comes before the Court on Swansey's motion to proceed *in forma pauperis* ("IFP"), ECF No. 2, and motion to request counsel, ECF No. 3. For the reasons that follow, the motion to proceed IFP is GRANTED, and the motion to request counsel is DENIED.

**I.    IFP Motion**

Swansey moves to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1). She submitted an affidavit signed under penalty of perjury which demonstrates that she is unable to pay the costs of the proceeding. IFP Mot. 1–5. Her motion to proceed IFP, therefore, is GRANTED.

**II.   Motion to Request Counsel**

**a.  Legal Standard**

Under the federal *in forma pauperis* statute, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, "parties to civil litigation have no right to counsel." *Thornhill v. Cox*, 113 F. App'x 179, 181 (7th Cir. 2004). When faced with a request to appoint counsel, the court must ask: "(1) has the indigent

1

plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Litigating a case includes "evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* at 655. In determining whether the difficulty of the case exceeds the plaintiff's capacity to litigate it, the court considers "the plaintiff's literacy, communication skills, educational level, and litigation experience" as well as the plaintiff's "intellectual capacity and psychological history." *Id.* The court must make this determination while considering the stage of litigation the case is in and "the complexities of advanced-stage litigation activities." *Perez v. Fenoglio*, 792 F.3d 768, 785 (7th Cir. 2015). Even if the court grants a motion to recruit counsel, there is no guarantee it could find one willing to take the appointment—the court cannot require an attorney to accept appointment to a civil case. *See Pruitt*, 503 F.3d at 653.

  **b. Discussion**

  Swansey requests that the Court obtain volunteer counsel for her. Mot. Request Counsel ¶ 1. She states that she contacted Workplace Law Partners and Osborne Employment Law and that Osborne Employment Law "gave [her] a website to apply on [her] own due to his overload on cases." *Id.* ¶ 2. She does not attach any documentation to support these statements. Swansey has not demonstrated that she made a reasonable attempt to obtain counsel on her own.

  Moreover, from the information provided, Swansey appears competent to litigate this case herself. "The question is not whether a lawyer would present the case more effectively than the pro se plaintiff." *Pruitt*, 503 F.3d at 655. "[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* The only information in Swansey's

motion that potentially speaks to why she needs counsel is that her highest level of education is some college. *See* Mot. Request Counsel ¶ 5. But this level of education suggests to the Court that Swansey is competent to present her case. *See Perez*, 792 F.3d at 784 (finding that denial of counsel was reasonable where the plaintiff had attended some college). And at this stage of the case, the legal and factual issues of the case do not seem particularly complex.

Swansey's motion to request counsel is DENIED without prejudice. If she chooses to file another motion to request counsel, Swansey must explain why she is not competent to litigate the case herself. Swansey must also demonstrate that she has made a reasonable attempt to obtain counsel by attaching documentation showing that she contacted several attorneys and was not successful in obtaining representation.

## CONCLUSION

Accordingly, Plaintiff Niesha Swansey's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED. Her motion to request counsel, ECF No. 3, is DENIED WITHOUT PREJUDICE. IT IS THEREFORE ORDERED that:

1) This case is now in the process of service. Swansey is advised to wait until counsel has appeared for Defendant Tyson Foods, Inc. ("Tyson") before filing any motions so that Tyson has notice and an opportunity to respond to those motions. Motions filed before Tyson's counsel has filed an appearance will generally be denied as premature. Swansey need not submit any evidence to the Court at this time unless otherwise directed.

2) The Court will request a waiver of service from Tyson. If Tyson has not filed an answer or appeared through counsel within ninety days of the entry of this order, Swansey may file a motion requesting the status of service.

3) Once counsel has appeared for Tyson, Swansey need not send copies of her filings to Tyson or Tyson's counsel. Instead, the Clerk will file Swansey's filings electronically and send a notice of electronic filing to defense counsel. If electronic service on Tyson is not available, Swansey will be notified and instructed accordingly.

4) Swansey shall immediately notify the Court, in writing, of any change in her mailing address and telephone number. Swansey's failure to notify the Court of a change in mailing address or phone number may result in dismissal of this lawsuit with prejudice.

5) The Clerk is DIRECTED to prepare the following: (1) a notice of lawsuit and request to waive service of summons form; (2) two copies of the waiver of service of summons, one of which is to be signed by Tyson or its counsel and returned to the Court within sixty days; and (3) a copy of the Complaint and this order. These items shall be mailed to Tyson's registered agent: United Agent Group Inc. 350 S. Northwest Hwy Suite 300 Park Ridge, Illinois 60068.

Entered this 20th day of February, 2026.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
